UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES P. YURATOVICH,                :
                                    :
        Plaintiff,                  :   Civ. No. 13-5651 (NLH)
                                    :
    v.                              :   OPINION
                                    :
U.S. DEPARTMENT OF JUSTICE, et al., :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
James P. Yuratovich, #70237056
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff, pro se

Daniel Gibbons, Esq.
Office of the United States Attorney
970 Broad St.
Suite 700
Newark, NJ 07102
    Counsel for Defendants


HILLMAN, District Judge

    This matter is presently before the Court upon the filing of a Motion for Judgment on the Pleadings (ECF No. 23) by Plaintiff, and a Motion to Dismiss (ECF No. 24) by Defendants. For the reasons set forth below, the motions will be DENIED.

        I.    PROCEDURAL HISTORY

    Plaintiff James P. Yuratovich, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed

this civil action asserting claims pursuant to 42 U.S.C. § 1983 and paid the requisite filing fee. On August 4, 2014, the Court completed its sua sponte screening pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e and determined that dismissal was not warranted at that time. Accordingly, the Court issued summons and directed the United States Marshal to serve Defendants. Service was effectuated on July 8, 2015 and July 16, 2015. (ECF Nos. 18, 19).

In lieu of filing an Answer, on September 22, 2015, Defendants filed a Motion to Dismiss or Motion for Summary Judgment. (ECF No. 20). In an Order dated September 25, 2015, the Court denied Defendants' motion as procedurally improper, without prejudice to Defendants filing a procedurally appropriate motion to dismiss or motion for summary judgment. (ECF No. 22).

On October 8, 2015, Plaintiff filed a Motion for Judgment on the Pleadings (ECF No. 23), which is more accurately described as a motion for default judgment. October 21, 2015, Defendants filed a second Motion to Dismiss. (ECF No. 24).

II. DISCUSSION

A. Plaintiff's Motion (ECF No. 23)

Although Plaintiff titles his motion, "Motion for Judgment on the Pleadings," it is more accurately described as a motion for default judgment. Specifically, Plaintiff asserts that

Defendants, as of October 5, 2015, had not responded to the allegations of the Complaint. Accordingly, Plaintiff contends that the time for a response pursuant to Federal Rule of Civil Procedure 12(a)(c) has lapsed. Therefore, he requests a default judgment.

Entry of default judgment, however, is a two-step process. FED. R. CIV. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. FED. R. CIV. P. 55(a). Of particular relevance to the instant case, timely serving and filing a motion to dismiss under FED. R. CIV. P. 12(b), precludes entry of default. See Francis v. Joint Force Headquarters Nat'l Guard, No. 05-4882, 2006 WL 2711459, at *2 (D.N.J. Sept. 19, 2006) aff'd in part, vacated in part, remanded sub nom. Francis v. Joint Force Headquarters Nat. Guard, 247 F. App'x 387 (3d Cir. 2007). Moreover, even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2)[1] is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d

---

[1] The Court notes that in his motion Plaintiff cites to Federal Rule of Civil Procedure "42(c)." (Mot. 2, ECF No. 23). However, Federal Rule of Civil Procedure 42 does not contain a subsection "(c)".

1178, 1180 (3d Cir. 1984) (cited in Smith v. Kroesen, No. 10-5723, 2015 WL 4913234, at *1 (D.N.J. Aug. 18, 2015)).

In this case, as discussed above, Defendants have filed two separate motions to dismiss (ECF No. 20, 24) in response to Plaintiff's Complaint. The later-filed motion remains pending and is addressed below.[2] Pursuant to Federal Rule of Civil Procedure 12(b), a motion to dismiss for failure to state a claim may be filed in lieu of an answer. See FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); see also Local Civil Rule 12.1 ("When asserting, by way of a motion, any of the defenses allowable under FED. R. CIV. P. 12(b), a party may file the motion without prior Court approval.").

Accordingly, because Defendants have submitted a motion to dismiss, the entry of default would be inappropriate. See Francis, No. 05-4882, 2006 WL 2711459, at *2. Accordingly, Plaintiff's request for a default judgment is denied.

---

[2] The Court notes that Plaintiff filed the instant motion after the Court denied Defendants' first motion to dismiss and before Defendants filed their second, still-pending motion to dismiss. Therefore, at the time Plaintiff's motion for default judgment was filed, no motion by Defendants was pending. Nevertheless, Defendants' second motion to dismiss was timely filed and, for the reasons explained above, precludes the entry of default.

B. Defendants' Motion to Dismiss (ECF No. 24)

Defendants seek dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants assert that, because Plaintiff seeks only injunctive relief in the form of certain medical treatments, and because those treatments have been provided, the Complaint should be dismissed as moot. (Br. 6, 16-17, ECF No. 24-1). In addition to the mootness argument, Defendants assert that Plaintiff's claims should be dismissed as unexhausted, (Id. at 17-21), or denied on the merits (Id. at 21-25)[3]. In support of their motion, Defendants rely on the record of exhaustion contained in the Declaration of Tara Moran, and the record of medical treatment attached to the Declaration of Ravi Sood. (Id. at 16).

1. Analysis

In reviewing a Rule 12(b)(6) motion to dismiss, a court must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999); In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002);

---

[3] The Court notes that in this section of their brief, Defendants cite and discuss the standard for granting a motion for a preliminary injunction. However, Plaintiff has not filed such a motion and, instead, seeks injunctive relief as his remedy.

see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

If any matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) or Rule 12(c) motion must be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

Here, Defendants assert that the Court can consider documents outside the pleadings without converting the motion to dismiss into one for summary judgment. (Br. 16, ECF No. 24-1). Defendants cite case law from the Third Circuit and from other districts in support of this contention.

Indeed, the Third Circuit has held that "[a]lthough the plain language of Rule 12(b) seems to require conversion whenever a district court considers materials outside the pleadings, we and other courts of appeals have held that a court may consider certain narrowly defined types of material without converting the motion to dismiss." In re Rockefeller Ctr. Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999).  However, the documents submitted by Defendants — the record of exhaustion contained in the Declaration of Tara Moran, and the record of medical treatment attached to the Declaration of Ravi Sood — do not fit the "narrowly defined types of material" contemplated by the Third Circuit that may be considered when ruling on a Rule 12(b)(6) motion.

6

As Defendants point out, one "exception to this general rule [that only the pleadings may be considered in a 12(b)(6) motion] provides that a "'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss into one for summary judgment].'" Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 256 (3d Cir. 2004), as amended (Mar. 8, 2004) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis and citations omitted); see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (a court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"). Additionally, courts may consider and take judicial notice of matters of public record, see Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007), including prior judicial proceedings, McTernan v. City of York, Penn., 577 F.3d 521, 526 (3d Cir. 2009). See also Lovallo v. Pacira Pharm., Inc., No. 14-06172, 2015 WL 7300492, at *5 (D.N.J. Nov. 18, 2015).

In their brief, Defendants conclude that "this Court may consider the court records from Plaintiff's prior federal civil action without converting the motion to dismiss into one for summary judgment." (Br. 16, ECF No. 24-1). However, Defendants do not reference any prior federal civil action filed by

7

Plaintiff, or the documents contained therein, in support of the instant motion. Moreover, Plaintiff asserts that he "has never filed any previous civil rights complaints while he has been incarcerated." (Compl. 8, ECF No. 1).

Because Defendants do not explain how the extraneous documents they rely on in support of their motion fall under any of the exceptions discussed above, those documents may not be considered without conversion of the instant motion to dismiss to a motion for summary judgment. Additionally, to the extent Defendants request dismissal based on Plaintiff's failure to exhaust his administrative remedies, this Court notes that "[f]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 199, 127 S. Ct. 910, 912, 166 L. Ed. 2d 798 (2007). Rather, exhaustion of remedies is a factual inquiry, and it is Defendants' burden to prove failure to exhaust. Small v. Camden Cty., 728 F.3d 265, 271 (3d Cir. 2013). Therefore, exhaustion is an issue that is more appropriately resolved on summary judgment.

This Court has discretion to either convert the motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. See Edwards v. New Jersey,

8

No. 13-214, 2015 WL 5032680, at *3 (D.N.J. Aug. 25, 2015); Kelly v. HD Supply Holdings, Inc., No. 14-372, 2014 WL 5512251, at *2 (D.N.J. Oct. 31, 2014); Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000); see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 Conversion of a Rule 12(b)(6) Motion Into a Summary Judgment Motion (3d ed. 2015) ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

Also, it has been suggested that a "court should not convert a motion to dismiss into a motion for summary judgment when little discovery has taken place." Bobo v. Wildwood Pub. Sch. Bd. of Educ., No. 13-5007, 2014 WL 7339461, at *4 (D.N.J. Dec. 23, 2014) (citing Kurdyla, 197 F.R.D. at 131, 131 n.8).

At this stage in the litigation, little discovery has been exchanged. Indeed, Plaintiff recently filed a motion requesting discovery from Defendants. (ECF No. 25). Moreover, because the instant motion is described only as a Motion to Dismiss, and because Plaintiff is a prisoner representing himself pro se, the Court is concerned with the adequacy of the notice provided to Plaintiff that the motion to dismiss might be converted to a

9

motion for summary judgment, and the implications of such a conversion. See Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010) (establishing requirements for adequate notice of conversion in a pro se prisoner context).  For these reasons, the Court declines to convert the motion to dismiss into a motion for summary judgment.

Because Defendants have presented no arguments for dismissal under Rule 12(b)(6) which do not rely on the extraneous documentation, there is no basis for the Court to grant their motion.  Accordingly, it is denied without prejudice to Defendants filing a Rule 12(b)(6) motion to dismiss which does not rely on documents outside the pleadings, or which relies on documents which fall under an exception to the general rule that the a court may only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint, and matters of judicial notice. Alternatively, Defendants may file their responsive pleading to the Complaint, followed by a motion for summary judgment submitted in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 23), which is more accurately described as a motion for default judgment, is DENIED.

10

Defendants' Motion to Dismiss (ECF No. 24) is DENIED without prejudice.  Defendants are required to file a responsive pleading within 30 days.

    An appropriate Order will follow.

                                      ___s/ Noel L. Hillman_____
                                      NOEL L. HILLMAN
                                      United States District Judge

Dated: December 8, 2015

At Camden, New Jersey