UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
JAMES P. YURATOVICH,          :
                              :
        Plaintiff,            :    Civ. No. 13-5651 (NLH)
                              :
     v.                       :    MEMORANDUM ORDER
                              :
U.S. DEP'T OF JUSTICE, et al.,:
                              :
        Defendants.           :
_____:
```

APPEARANCES:

James P. Yuratovich
70237056
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Plaintiff <u>Pro</u> <u>se</u>

John Andrew Ruymann
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608
     Counsel for Defendants


<u>HILLMAN, District Judge</u>

     IT APPEARING THAT:

     1.  Plaintiff James Yuratovich ("Plaintiff"), an inmate

currently confined at the Federal Correctional Institution in

Fort Dix, New Jersey, filed this civil action alleging an Eighth

Amendment claim pursuant to <u>Bivens v. Six Unknown Named Agents</u>

<u>of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), based on

the denial of medical treatment for neurological issues affecting his arms, legs and spine since 2011. (ECF No. 1.)

2. After conducting its initial screening, the Court permitted Plaintiff's Complaint to proceed. (ECF No. 9.) Defendants filed a Motion to Dismiss (ECF No. 24), which the Court denied in December 2015 (ECF Nos. 27, 28). In September 2016, Plaintiff filed a Motion to Amend the Complaint, to which Defendants consented. (ECF Nos. 49, 55.)

3. On November 14, 2016, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 57.) Plaintiff did not oppose the Motion, but instead filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 64.) Defendants opposed Plaintiff's Motion (ECF No. 65) and Plaintiff filed a Reply (ECF No. 66).

4. In his proposed Second Amended Complaint, Plaintiff alleges that since November 2011, Defendants Hollingsworth, Hachinski, Ortiz, Sood, Turner-Foster and Naphcare have denied him proper medical treatment for the constant pain in his wrist, hand, and fingers along with motor function in right wrist and fingers; loss of motor function of right ankle, foot and toes; and diminishing sensory functions in right and left foot as well as both hands and right extremities. On October 27, 2016, Plaintiff alleges that he was examined by Dr. Hanft, a neurosurgeon at Robert Wood Johnson Medical Center, who

recommended spinal cord surgery within two months because of the urgency of his situation. However, due to delays by Defendants, he has not been provided this recommended surgery.

Plaintiff is seeking only injunctive relief, specifically, that he be evaluated by a neurosurgeon at a university based medical center and any and all recommended surgeries.

5. In opposition, Defendants argue that Plaintiff's request to amend the complaint should be denied as futile because: (1) he failed to exhaust the Bureau of Prisons' administrative remedies; (2) the proposed complaint does not state a constitutional violation; (3) the proposed pleading fails to state a claim for injunctive relief; and (4) his request to be seen by a neurosurgeon at a university-based medical center is moot and no longer presents a live controversy.

6. On May 1, 2017, Plaintiff filed a Motion for Preliminary Injunction requesting that Defendants bring Plaintiff to a qualified university-based neurosurgeon for his corrective surgery. (ECF No. 67.)

7. In response, Defendants submitted Opposition, which included a declaration from Kevin Cassano, an Assistant Health Services Administrator with the Bureau of Prisons. (ECF No. 68.) Mr. Cassano's declaration, dated May 22, 2017, states that

Plaintiff was scheduled for surgery with a university-based neurosurgeon within the next seven days. (Id.)

8. Because Plaintiff seeks only injunctive relief, which would appear to be moot if he receives the surgery he has requested, see, e.g., Williamson v. Correctional Medical Services, Inc., No. 07-4425, 304 F. App'x 36, 38 (3d Cir. 2008) (claim for order compelling knee surgery and dental care); Orozco-Barajas v. Zickefoose, No. 11-3628, 2013 WL 2096501, at *8 (D.N.J. May 14, 2013) (claim for injunctive relief for medical treatment moot when received), the Court will require Defendants to provide the Court with an update as to Plaintiff's status.

Therefore,

IT IS on this ___1st___ day of ___June___, 2017,

ORDERED that within 10 days of the date of this Order, Defendants must file a letter updating the Court as to the status of Plaintiff's surgery; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

<table>
<tr><td></td><td>s/ Noel L. Hillman</td></tr>
<tr><td>At Camden, New Jersey</td><td>NOEL L. HILLMAN, U.S.D.J.</td></tr>
</table>