UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
JAMES P. YURATOVICH,          :
                              :
         Plaintiff,           :    Civ. No. 13-5651 (NLH)
                              :
    v.                        :    MEMORANDUM OPINION
                              :
U.S. DEP'T OF JUSTICE, et al.,:
                              :
         Defendants.          :
_____  :

IT APPEARING THAT:

1. Plaintiff James Yuratovich ("Plaintiff"), an inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil action, alleging an Eighth Amendment claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on the denial of medical treatment for neurological issues affecting his arms, legs and spine since 2011. (ECF Nos. 1, 49, 64.)

2. Plaintiff is seeking only injunctive relief; specifically, that he be evaluated by a neurosurgeon at a university based medical center and receive any and all recommended surgeries. (ECF Nos. 49, 64).

3. After conducting its initial screening, the Court permitted Plaintiff's original Complaint to proceed. (ECF No.

9.) Defendants filed a Motion to Dismiss (ECF No. 24), which the Court denied in December 2015 (ECF Nos. 27, 28). In September 2016, Plaintiff filed a Motion to Amend the Complaint, to which Defendants consented. (ECF Nos. 49, 55.)

    4. On November 14, 2016, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 57.) Plaintiff did not oppose the Motion, but instead filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 64.) Defendants opposed Plaintiff's Motion (ECF No. 65) and Plaintiff filed a Reply (ECF No. 66). Plaintiff also filed a motion for injunctive relief. (ECF No. 67.)

    5. In their Opposition to Plaintiff's motion for injunctive relief, Defendants provided a certification from Kevin Cassano, an Assistant Health Services Administrator with the Bureau of Prisons. (ECF No. 68-1.) In that May 22, 2017 Certification, Mr. Cassano stated that Plaintiff was scheduled to have the requested surgery by Dr. Hanft, a university-based physician, within seven days. (Id. at ¶ 4.) In a subsequent letter dated June 9, 2017, counsel for Defendants informed the Court that "Simon J. Hanft, M.D., a neurosurgeon, performed a laminectomy on plaintiff at Robert Wood Johnson University Hospital, in New Brunswick, New Jersey, on May 24, 2017." (ECF No. 70.)

6. Because it appeared that said surgery, performed by a surgeon at a university-based hospital, provided Plaintiff with the only relief he was seeking, the Court gave Plaintiff sixty days to show cause why this case should not be dismissed as moot. (ECF No. 71.)

7. As of this date, Plaintiff has not responded to that Order and has failed to show cause why this case should not be dismissed as moot.

8. It is axiomatic that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). This inability to decide moot cases derives from the requirement of Article III of the U.S. Constitution under which the exercise of judicial power depends upon the existence of a "case or controversy." DeFunis v. Odegaard, 416 U.S. 312 (1974) (citations omitted).

9. Where an inmate seeks injunctive relief in the form of an order compelling medical treatment, the claim is mooted by the delivery of the requested medical care during the pendency of the litigation. Orozco-Barajas v. Zickefoose, No. 11-3628, 2013 WL 2096501, at *8 (D.N.J. May 14, 2013); see also Williamson v. Corr. Med. Serv., Inc., No. 07-4425, 304 F. App'x 36, 37 (3d Cir. Dec. 23, 2008) (claim for order compelling knee surgery and dental care); McKeithan v. Iannuzzi, Civil Action

No. 10–1751, 2012 WL 2308620, *5 (M.D. Pa. June 18, 2012) (request for treatment of ingrown toenail); Harris v. Ebbert, No. 08-2304, 2009 WL 3769776, at *2 (M.D. Pa. Nov. 10, 2009) (prisoner's request for injunctive relief to obtain operation is moot when operation is received).

10.  Therefore, because Plaintiff has received the only relief sought in his Amended Complaint, and has failed to respond to the Court's Order to Show Cause, the Court will dismiss this case as moot.[1]  Id.

11.  An appropriate order follows.

Dated: September 7, 2017       s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court notes that this case does not meet the narrow exception to mootness of "a question that is capable of repetition, yet evading review."  See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (the "capable of repetition" doctrine is limited to cases presenting two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again").